IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COBBLER NEVADA, LLC, | Case No. 3:15-cv-01230-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| JONATHAN RONNE, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Cobbler Nevada, LLC filed this action against Jonathan Ronne ("Ronne"), alleging a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b), for entry of default judgment against Ronne. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. For the reasons that follow, the district judge should grant Plaintiff's motion for default judgment.

Page 1- FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff is a limited liability company with principal offices in Los Angeles, California. Plaintiff is the registered copyright holder of the motion picture *The Cobbler* (the "Movie"), released in March 2015. (First Am. Compl. ¶¶ 5-7.)

Plaintiff initiated this action on July 2, 2015, against a Doe defendant known only through an Internet Protocol ("IP") address. (Compl. ¶ 12.) In its initial Complaint, Plaintiff alleged that an individual used the IP address to copy and publish the Movie, via the BitTorrent network.[1] (Compl. ¶¶ 12, 15.) During initial discovery, the Internet Service Provider (Comcast) identified Sandy Morgan, of Portland, Oregon, as the subscriber associated with the IP address. (Drew P. Taylor Decl. ¶ 3, June 8, 2016.)

On February 29, 2016, Morgan provided testimony by way of a declaration. In her declaration, Morgan denied using BitTorrent to download Plaintiff's Movie. (Sandy Morgan Decl. ¶¶ 4, 14, Feb. 29, 2016.) However, Morgan did confirm that Ronne, her daughter's boyfriend, was present in the home during the periods of alleged infringement and Morgan opined that Ronne was the infringer. (Morgan Decl. ¶¶ 8-9.) Immediately following receipt of Morgan's declaration, Plaintiff filed a First Amended Complaint ("FAC"), naming Ronne as the infringer in this action. Plaintiff alleged in the FAC that Ronne, "without the permission or consent of Cobbler Nevada, copied and distributed [P]laintiff's motion picture through a public BitTorrent network." (First Am. Compl. ¶ 16.)

On March 14, 2016, Plaintiff effected service of the FAC on Ronne. (ECF No. 18.) Ronne did not file an answer within twenty-one days and, after providing Ronne a notice of default dated

---

[1] BitTorrent is a peer-to-peer file sharing protocol used to distribute data over the Internet.

Page 2- FINDINGS AND RECOMMENDATION

April 8, 2016, Plaintiff moved for entry of default, which the clerk entered on May 9, 2016.[2] (ECF Nos. 25, 33.)

Plaintiff now seeks a default judgment permanently enjoining Ronne from engaging in infringing activity and awarding statutory damages "of at least $1,500 to give the statute full force and effect and indicate to the general public that [P]laintiff's claims and these proceedings should not be disregarded or ignored." (Pl.'s Mot. Default J. 2.)

## LEGAL STANDARDS

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.[3] Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact in the plaintiff's complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). However, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[2] The Court appointed pro bono counsel to represent Ronne at no cost to Ronne, but pro bono counsel was "unsuccessful in establishing contact with" Ronne. (ECF Nos. 28, 30, 31.)

[3] Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Page 3- FINDINGS AND RECOMMENDATION

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13-cv-05553, 2015 WL 3429153, at *2 (N.D. Cal. May 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the operative complaint, (4) the sum of money at stake in the litigation, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472 (citation omitted).

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003)). The factual allegations set forth in Plaintiff's FAC, which must be taken as true upon default, establish these elements in the present case. (First Am Compl. ¶¶ 15-19.) Accordingly, the Court concludes that a judgment of default is appropriate under the circumstances presented here. *See Voltage Pictures, LLC v. Martinez*, No. 3:15-cv-00002-AC, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015) (concluding that default judgment was appropriate where the factual allegations in the

amended complaint, taken as true upon default, established that the two elements of a copyright claim were met).[4]

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If the Court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately, however, the district court is vested with a considerable amount of discretion in setting the amount of statutory damages. *See id*. at 1010 ("The district court has wide discretion in setting the amount of statutory damages under the Copyright Act."); *Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 885-86 (3d Cir. 2015) (explaining that courts "have wide discretion in determining statutory damages," and so long as the "statutory damages award falls within the statute's prescribed limits," any subsequent review "is even more deferential than abuse of discretion"). Here, taking the allegations in the FAC as true, as it must, the Court finds that Ronne willfully infringed Plaintiff's

---

[4] Based on the record, the Court is concerned about whether Ronne was the actual infringer of Plaintiff's Movie. Plaintiff named Ronne as the defendant only because Morgan implicated Ronne as the infringer. (Pl.'s Mot. Default J. 2-3.) In her declaration, Morgan stated: "I believe it is probable that [Ronne] did so although I have no actual knowledge of him doing so . . . ." (Morgan Decl. ¶ 9; *see also* ¶ 8 ("He said that he watched *The Cobbler* but said he had done so on Netflix.").) Morgan's declaration includes mostly conclusory statements, including hearsay, that absolve herself, her daughter, and her grandchildren of all responsibility for the infringement, and instead points the finger at Ronne. (*See, e.g.* Morgan Decl. ¶ 4 ("It was not me, nor was it my daughter or her children.").) Nevertheless, the Court made every effort to provide Ronne with pro bono counsel so that he could appear and defend the allegations, and Ronne did not appear.

Page 5- FINDINGS AND RECOMMENDATION

copyright. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The district court entered default and [defendant] concedes that its default occurred with respect to a complaint that pled willfulness. Thus, all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement of [Plaintiff's] trademarks.")

Turning to the question of damages, Plaintiff concedes that the economic damages suffered as a result of Ronne's infringing activity are highly speculative and incalculable. (Pl.'s Mot. Default J. 5.) Plaintiff is also aware that judges in this district regularly award the statutory minimum $750 damage award in similar cases. *See Martinez*, 2015 WL 4772856, at *2 (so stating in a copyright case brought by Plaintiff's current counsel); *see also Glacier Films (USA), Inc. v. Tenorio*, No. 3:15-cv-01729-SB, 2016 WL 3766465, at *3 (D. Or. June 22, 2016) (awarding the statutory minimum of $750 on entry of default judgment in copyright case); *Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, 2016 WL 3148401, at *3 (D. Or. May 12, 2016) (same); *Countryman Nevada LLC v. Suarez*, No. 6:15-cv–0436-SI, 2016 WL 5329597, at *3 (D. Or. Sept. 22, 2016) (same). Nevertheless, Plaintiff maintains that the statutory damage award in this case should be "at least $1,500" to effect the intent of Congress, deter individuals from engaging in similar conduct, and to punish Ronne for his disregard of these proceedings. (Pls.' Mot. Default J. 6-8.)

The arguments advanced by Plaintiff in support of a $1,500 statutory damage award are not persuasive. First, this Court has already rejected Plaintiff's argument that a large damage award is necessary for deterrence:

> [C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally . . . . The Court declines Plaintiff's invitation to punish Defendant with a statutory

damages award higher than $750 because he chose not to defend against this copyright infringement action.

*Gallatin*, 2016 WL 3148401, at *3.

Second, the Court is not persuaded that, under circumstances in this case, a significant damage award is necessary "to give the statute full force and effect." The purpose of the remedy provisions of the Copyright Act is "to provide adequate compensation to the copyright holder and to discourage wrongful conduct and deter infringements." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). With regard to adequate compensation, Plaintiff's capture data demonstrates that Ronne "distributed" a portion of *The Cobbler* 126 times.[5] (Pl.'s Mot. Default J. Ex. 1.) *The Cobbler* is available for rental at Redbox for $1.50 per day.[6] *See* www.redbox.com (last visited on Oct. 26, 2016). Thus, Plaintiff can establish only that it suffered roughly $190 in damages from Ronne's copyright infringement, and yet the Court must order Ronne to pay $750 in damages. A $750 damage award to compensate for a loss of approximately $190 attributable to Ronne's conduct is "adequate compensation" for Plaintiff's loss. *Frank Music Corp.*, 772 F.2d at 520.

Finally, with respect to Plaintiff's request for a high damage award based on Ronne's disregard of these proceedings, this Court previously recognized that a defendant's decision not to

---

[5] Once a user has downloaded a movie using the BitTorrent protocol, portions of the movie are automatically shared with others in the swarm until the user manually disconnects from the swarm. *See Diabolic Video Prod., Inc. v. Does 1-2099*, No. 10–CV–5865–PSG, 2011 WL 3100404, at *2 (N.D. Cal. May 31, 2011). Thus, each distribution of a movie using the BitTorrent protocol is not a separate, intentional act, but a function of downloading a movie and not disconnecting from the swarm.

[6] Alternatively, *The Cobbler* is available to watch for free with a Netflix subscription. *See* www.netflix.com (last visited Oct. 26, 2016).

Page 7- FINDINGS AND RECOMMENDATION

defend, does not warrant an "enhanced statutory damages" award. *Gallatin*, 2016 WL 3766465, at *3 (finding that "some individuals may choose to default merely due to the cost of federal court litigation").[7]

In sum, Plaintiff has failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages. Accordingly, the Court recommends that the district judge award statutory damages in the amount of $750, and enter a permanent injunction consistent with the injunctions entered in related BitTorrent copyright cases. *See Martinez*, 2015 WL 4772856, at *4 (reaching a similar result); *Gallatin Films*, 2016 WL 3148401, at *3 (same).

## CONCLUSION

For the foregoing reasons, the district judge should grant Plaintiff's Motion for Default Judgment (ECF No. 35).

///

///

///

///

///

///

///

---

[7] If Ronne misunderstood the implications of his decision not to appear and defend in this action, he may file a motion to set aside the default judgment. Pursuant to Rules 55(c) and 60(b), a party may file a motion for relief from a default judgment, but must do so within a year after judgment enters. Fed. R. Civ. P. 55(c), 60(b)-(c).

Page 8- FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 26th day of October, 2016.

*Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge

Page 9- FINDINGS AND RECOMMENDATION